## DAVIS *vs.* McMICHAEL *et al.*

Where a bill was filed in Crawford superior court by the wife against her guardian, who was also the guardian of her deceased brother, for an account of her and his estate, which went into the guardian's hands, alleging that their money had been invested in land in Upson county, where the guardian resided, and the title thereto had been taken in his name, that this was done with the aid and assistance of her husband, who was made a party defendant, and praying that the amount found to be due her individually and as

v 65—26

heir-at-law of her brother be decreed to be a lien upon the said land, but containing no prayer against the husband :

*Held*, that the superior court of Crawford county, where the husband resided, had no jurisdiction of the case, there being no substantial relief prayed against him.

Equity.    Jurisdiction.    Venue.    Before Judge SIM-MONS.    Crawford Superior Court.    March Term, 1880.

Report unnecessary.

HALL & SON ; R. D. SMITH, for plaintiff in error.

No appearance for defendants.

HAWKINS, Justice.

This was a bill in equity, filed in Crawford superior court, in favor of Mrs. Davis, wife of the defendant, Davis, against her husband and W. J. McMichael.

It alleged that Davis resided in Crawford, and Mc-Michael in Upson county.

The bill charged that McMichael was the guardian of complainant and her deceased brother, and as such guardian had received and squandered their money and estate ; that the said McMichael used means belonging to her and her deceased brother, had purchased land in the county of Upson taking the title thereto in his own name, and that her husband had aided and assisted the guardian to misapply said assets, and in the investing the same in the land aforesaid in Upson county—that both her husband and McMichael were insolvent.

She prays that an account may be had with McMichael, her guardian, to ascertain the amount due her in her own right, and as heir-at-law of her deceased brother, and when so found, the same may be decreed to be a lien on the land in Upson county; and prayed such other and further relief as was equitable.    At the appearance term of the bill McMichael pleaded to the jurisdiction of

Crawford superior court, which the court sustained, and this is the sole complaint here.

The constitution of 1877, sec. 16, par. 111, Supplement to Code, § 648, provides that equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed.

The relief sought in the case at bar is that an account may be taken with her guardian, and when ascertained a decree be had creating a lien on the land in Upson county, where McMichael lived, and the land was situate, to pay her the amount so decreed out of said land. There is no relief prayed against Davis, and whether he acted in the misappropriation of the trust fund or not, the title being in McMichael, his presence is not necessary to the enforcement of complainant's equity against her guardian and the land now sought to be reached by this proceeding.

Judgment affirmed.